UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23025-BLOOM/Torres

PATRICIA FOLEY,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint, ECF No. [10] ("Motion"), filed on October 4, 2023. Plaintiff Patricia Foley filed a Response in Opposition to the Motion ("Response"), ECF No. [16], to which Defendant filed a Reply ("Reply"), ECF No. [22]. The Court has reviewed the Complaint, the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

Plaintiff filed her Complaint on August 10, 2023, asserting three Counts of negligence against Defendant: negligent maintenance (Count I), negligent failure to correct (Count II), and negligent failure to warn (Count III). ECF No. [1]. Defendant filed a Motion to Dismiss Plaintiff's Complaint on October 4, 2023. ECF No. [10]. Defendant contends that Plaintiff failed to properly plead actual or constructive notice, any condition was open and obvious, and the Complaint is a comingled, shotgun pleading.

Case No. 23-cv-23025-BLOOM/Torres

### A. Complaint

Plaintiff's Complaint contains the following allegations:

On March 19, 2022, Plaintiff was a fare-paying passenger aboard Defendant's cruise ship, the *M/S Sunshine*. ECF No. [1] ¶ 12. On March 19, 2022, Plaintiff exited a mid-ship elevator on Deck 9, the Lido Deck, of the *M/S Sunshine* when she "tripped and fell over an uneven and/or raised threshold or transition strip between a carpeted surface and a tile surface, which was situated in a manner that was not flush with the surrounding floor, causing Plaintiff to sustain significant injuries, including without limitation, to her left leg." *Id.* ¶ 13.

In Count I, Plaintiff contends Defendant owed her a duty "to maintain its vessel, including the floor surface in the area where Plaintiff tripped and fell, in a reasonably safe condition." *Id.* ¶ 19. The Complaint alleges that Defendant breached its duty in one or more of the following ways:

a. Failing to include adequate edge treatment for the change of elevation between the floor surfaces in the area where Plaintiff fell;
b. Failing to maintain the area where Plaintiff tripped and fell in a reasonably safe condition so as to prevent trips and falls;
c. Failing to conduct frequent, timely, or adequate inspections of the floor surface in the area where Plaintiff fell to identify or detect potential tripping hazards such as uneven/unlevel transition from carpet to tile flooring on the Lido Deck;
d. Failing to have an adequate transition from carpet to tile flooring on the Lido Deck where Plaintiff fell, which resulted in significant injuries to Plaintiff;
e. Failing to inspect the area where Plaintiff tripped and fell for tripping hazards, including the tripping hazard described in Paragraphs 13 and 14 above;
f. Failing to staff and deploy a sufficient number of personnel to implement and enforce adequate policies and procedures to ensure that the floor surface in the area where Plaintiff tripped was free of tripping hazards;
g. Failing to adequately train its crewmembers to maintain the floor surface in the area where Plaintiff tripped, and adjacent areas, free of tripping hazards.

*Id.* ¶ 26.

In Count II, Plaintiff alleges that Defendant owed her "a duty of reasonable care for her safety, including a duty to correct dangerous conditions such as tripping hazards of which it knew

or should have known about in the exercise of reasonable care." *Id.* ¶ 29. Plaintiff alleges that Defendant breached this duty in one or more of the following ways:

   a. Failing to correct and/or ameliorate the tripping hazard described in Paragraphs 13 and 14 that existed on the Lido Deck where Plaintiff tripped and fell;
   b. Failing to inspect the area where Plaintiff tripped and fell for tripping hazards, including the tripping hazard described in Paragraphs 13 and 14;
   c. Failing to remove/eliminate the tripping hazard posed by the uneven floor described in Paragraphs 13 and 14 where passengers, such as Plaintiff, traverse.

*Id.* ¶ 36.

Count III alleges that Defendant had a duty to warn passengers, including Plaintiff, "of hazards of which it knew or should have known in the exercise of reasonable care that its passengers may reasonably be expected to encounter on the vessel." *Id.* ¶ 39. Defendant was negligent in the following ways:

   a. Failing to warn and/or notify passengers of the tipping hazard described in Paragraphs 13 and 14 through written or orally delivered warnings.
   b. Failing to redirect passengers away from the dangerous condition pending the repair and/or replacement of the tripping hazard described in Paragraphs 13 and 14 above.
   c. Failing to warn and/or notify passengers of the tipping hazard described in Paragraphs 13 and 14 through appropriate markings or signage.
   d. Failing to cordon off the tripping hazard described in Paragraphs 13 and 14, or otherwise, before the Plaintiff fell and was injured.

ECF No. [1] ¶ 46.

   **B. Motion**

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). Defendant argues that the Complaint must be dismissed because all three Counts fail to sufficiently allege that Defendant had actual or constructive notice that the raised threshold over which Plaintiff tripped constitutes a dangerous condition. Defendant also argues, alternatively, that the Complaint constitutes a shotgun pleading, and all three Counts must be dismissed.

## II.     LEGAL STANDARD

### A. Failure to State a Claim for Relief

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### B. Shotgun Pleading

A "shotgun pleading[]" is a Complaint that violates either Rule 8(a)(2) or 10(b), or both. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). There are four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not

> obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23 (11th Cir. 2015) (alteration added; footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is accordingly the failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted). The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

### III.   DISCUSSION

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336).

5

The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720; *see also D'Antonio*, 785 F. App'x at 797. "The mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition." *Miller*, 2016 WL 4809347, at *4. Moreover,

> [t]o establish the owner of a ship in navigable waters breached its duty of care, a plaintiff must show: "(1) a dangerous condition existed; [and] (2) the vessel's operator had actual notice of the dangerous condition; or (3) if there was no actual notice, that [d]efendant had constructive notice of the dangerous condition for an interval of time sufficient to allow the vessel's operator to implement corrective measures." *Reinhardt v. Royal Caribbean Cruises, Ltd.*, No. 1:12-cv-22105, 2013 WL 11261341, at *4 (S.D. Fla. Apr. 2, 2013) (alteration added; citations omitted).

*Stewart v. Carnival Corp.*, 365 F. Supp. 3d 1272, 1275 (S.D. Fla. 2019).

As a threshold matter, Defendant's contention that all three Counts fail to plausibly allege that Defendant breached its duty of reasonable care is meritless.[1] Defendant asserts that Plaintiff's allegations that it breached its duty of reasonable care are implausible because they are conclusory and "do not include facts to support her allegations that Carnival actually failed to do any of the stated failures." ECF No. [10] at 12. However, each Count alleges that Defendant breached its duty

---

[1] The same is true regarding Defendant's argument that Plaintiff's negligent failure to warn claim fails to sufficiently allege that the raised threshold was not open or obvious. As Plaintiff observes in her Response, the Complaint alleges that the raised threshold was not open and obvious at the time of her injury, and that the threshold was concealed. ECF No. [1] ¶¶ 13-14. Defendant's contention that dismissal of this claim is warranted because Plaintiff failed to do so is accordingly misplaced.

of reasonable care and provides a list of failures detailing the various ways in which Defendant did so.[2] *See* ECF No. [1] ¶¶ 26, 36, 46. The Court finds that those allegations plausibly allege a breach of duty and declines to dismiss Plaintiff's Complaint on that basis.

### A. Notice

The Court next addresses whether the Complaint plausibly alleges that Defendant had actual or constructive notice that the raised threshold over which Plaintiff tripped constitutes a dangerous condition. "To impose a duty in a maritime context, the shipowner must 'have had actual or constructive notice of a risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.'" *Fawcett v. Carnival Corp.*, No. 23-21499-CIV, 2023 WL 4424195, at *2 (S.D. Fla. July 10, 2023) (quoting *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (alterations in original)). To sufficiently allege that Defendant had constructive notice that the raised threshold constitutes a dangerous condition, Plaintiff is required to plausibly allege that either (1) the raised threshold existed "for a sufficient length of time … or (2) substantially similar incidents occurred in which 'conditions substantially similar to the occurrence in question must have caused the prior accident[.]'" *Holland*, 50 F.4th at 1096 (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)). In addition to being substantially similar to the incident in question, "the prior accident [also] must not have occurred too remote in time." *Jones*, 861 F.2d at 661-62 (citations omitted).

---

[2] Defendant's assertion that the Complaint "does not plausibly plead [Plaintiff's allegations under the *Holland* standard[]" is unavailing. Motion at 12. In *Holland*, the Eleventh Circuit affirmed the district court's dismissal of the complaint due to the plaintiff's failure to plausibly allege notice. *See generally Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022). *Holland* provides no support for dismissing the Complaint for failing to plausibly allege breach where, as here, Counts I – III allege that Defendant owed Plaintiff a duty of reasonable care and further alleges numerous specific ways in which Defendant plausibly breached those duties.

### i.  Actual Notice

The Complaint alleges that Defendant "had actual and/or constructive notice of the propensity for trip and falls on raised thresholds or transition strips onboard the M/S Sunshine[.]" ECF No. [1] ¶ 16. The Court agrees with Defendant that Plaintiff's allegation that Defendant had *actual* notice that the raised threshold constitutes a dangerous condition is conclusory, a finding that Plaintiff does not dispute. *See generally* ECF No. [16]. Plaintiff therefore fails to sufficiently allege that Defendant had actual notice based on the "propensity for trip and falls on raised thresholds or transition strips onboard the M/S Sunshine[.]" ECF No. [1] ¶ 16.

### ii.  Constructive Notice

The Complaint also alleges that "Defendant CARNIVAL knew or should have known that the dangerous condition … on which Plaintiff tripped and fell posed a tripping hazard for passengers walking over it due to its condition … and the length of time the uneven surface had existed in a high-traffic area of the ship." ECF No. [1] ¶ 21. This allegation is also conclusory and thus fails to sufficiently allege notice. *See Fawcett*, 2023 WL 4424195, at *3 ("Plaintiff's statements that Defendant had notice of the dangerous condition because of the 'length of time' it existed and because of the 'high traffic nature of the Lido Deck,' with nothing more, are insufficient to allege notice.") (citing *Holland*, 50 F.4th at 1096; *Newbauer*, 26 F.4th at 935-36)).

Plaintiff also relies on prior incidents and relevant industry standards to support its allegation that Defendant had constructive notice that the raised threshold constitutes a dangerous condition. Plaintiff specifically points to five prior incidents involving individuals tripping over uneven or raised thresholds aboard the subject vessel, the *M/S Sunshine*, as well as its sister ship, the *M/S Sunrise*:

> a.  On October 19, 2017, passenger C.N. was injured on the M/S TRIUMPH, when she tripped and fell on a threshold on the Lido Deck. *Nepost v. Carnival Corporation*, Case No. 1:18-cv-24966-KMW. CARNIVAL owns and operates

      the M/S TRIUMPH, recently renamed the M/S SUNRISE, which is a sister ship of the M/S SUNSHINE.

    b. On February 4, 2019, passenger D.C. was injured when she tripped over a protruding threshold on Deck 5 of the M/S TRIUMPH. *Caesar-Bishop v. Carnival Corp.*, Case No. 1:21-cv-20117-MGC.

    c. On October 15, 2019, passenger M.P. was injured when she tripped over a threshold that was not flush with the floor on Deck 9 of the M/S VICTORY (recently renamed the M/S SUNSHINE, the subject vessel herein). *Patton v. Carnival Corp.*, Case No. 1:22-cv-21158-RNS.

    d. On January 23, 2022, passenger M.D. was injured when she tripped over a raised threshold on Deck 10 of the M/S SUNSHINE. *Dunford v. Carnival Corp.*, Case No. 1:22-cv-22734-KMW.

    e. On March 10, 2022, passenger R.T. was injured when he tripped over a threshold abutting an uneven, carpeted portion of the floor of the M/S SUNSHINE. *Tuite v. Carnival Corp.*, Case No. 1:23-cv-20614-JAL.

ECF No. [1] ¶ 16.

Defendant argues that none of those prior incidents are substantially similar to Plaintiff's accident, one is too remote in time, and the Complaint accordingly must be dismissed for failing to plausibly allege constructive notice. Plaintiff responds that those prior incidents are substantially similar to her accident, and the distinctions Defendant draw between those incidents and Plaintiff's accident are immaterial.

The Court finds that Plaintiff adequately alleges the existence of substantially similar prior incidents. As outlined above, Plaintiff relies on five prior incidents involving individuals tripping and falling over raised or protruding thresholds aboard the *M/S Sunshine* or its sister ship, the *M/S Sunrise*. *See id.* ¶ 16. The Complaint provides case numbers regarding each incident, the dates on which they occurred, and describes the thresholds on which those individuals tripped. Two of those incidents took place on the Lido Deck of the *M/S Sunshine*, the general location of Plaintiff's incident. Although Plaintiff does not rely on prior incidents involving the *same* raised threshold that is the subject of the present action, such prior incidents nonetheless plausibly allege Defendant's constructive notice "of the propensity for trip and falls on raised thresholds or

transition strips onboard the M/S Sunshine[.]" *Id.*; *see Fawcett*, 2023 WL 4424195, at *3 (finding that the plaintiff's reliance on several prior slip and fall incidents, including "fall incidents on wet flooring in the Lido marketplace" in the dining area where the plaintiff fell as well as similar slip and fall incidents on "wet or slippery areas of the Lido Deck" aboard a sister ship "push[ed] [p]laintiff's claims beyond mere conclusory recitals.") (citing *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1263-65 (S.D. Fla. 2022)).

Defendant's emphasis on the distinctions between the incidents in *Dunford*, *Tuite*, and Plaintiff's incident fails to demonstrate that dismissal is warranted. Defendant notes that the plaintiff in *Dunford* "was walking on the outside portion of deck 10" and tripped over a raised threshold that "was not well illuminated." ECF No. [10] at 10. Defendant also observes that the plaintiff in *Tuite* tripped and fell in a dining area of the *M/S Sunshine*, while Plaintiff allegedly tripped while exiting a mid-ship elevator on the Lido Deck. *Id.*; ECF No. [1] ¶ 13. While those distinctions are relevant to whether those prior incidents are *in fact* substantially similar to Plaintiff's alleged incident, they fail to show that Plaintiff's allegation that those prior incidents are substantially similar is implausible. As Plaintiff observes in response, Plaintiff alleges that she tripped over an uneven threshold on the Lido Deck that is similar to the threshold over which the plaintiff in *Dunford* allegedly tripped. *See Dunford v. Carnival Corp.*, Case No. 1:22-cv-22734-KMW, ECF No. [12] at 4-5; ECF No. [1] ¶ 13. In *Tuite*, the plaintiff allegedly tripped over a threshold abutting an uneven, carpeted portion of the floor similar to the uneven threshold "between a carpeted surface and a tile surface" alleged here. *Tuite v. Carnival Corp.*, Case No. 1:23-cv-20614-JAL, ECF No. [1] ¶ 12; ECF No. [1] ¶ 13.

Defendant's observed distinctions fail to support the conclusion that Plaintiff's allegations are implausible. Moreover, Defendant provides no authority suggesting that the Complaint should

10

be dismissed in light of such distinctions. Instead, the decisions on which Defendant relies are readily distinguishable.

Defendant first contends that Plaintiff's constructive notice allegations "fall[] squarely within the allegations made by the plaintiff in *Holland*, wherein plaintiff sought to impute notice by characterizing the subject areas as one of 'high traffic.'" ECF No. [10] at 8 (quoting *Holland v. Carnival Corp.*, No. 20-21789-CIV, 2021 WL 86877, at *3 (S.D. Fla. Jan. 11, 2021), *aff'd*, 50 F.4th 1088 (11th Cir. 2022)). Unlike the plaintiff in *Holland*, however, Plaintiff does not rely on her allegation that the raised threshold is located in a highly trafficked area to allege that Defendant has constructive notice of that potential hazard. Plaintiff instead relies on the five prior incidents outlined above, in contrast to the plaintiff in *Holland* who provided "no facts at all in support of his claim that there are frequent … slip and fall accidents on this staircase." *Id.*, at *3 (internal quotation marks omitted). Defendant's reliance on *Holland* is therefore misplaced.

Defendant's reliance on *A.B. by & through C.B. v. Carnival Corp. & PLC*, No. 1:22-CV-23701, 2023 WL 3600049 (S.D. Fla. May 23, 2023) and *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2019 WL 8895223 (S.D. Fla. Nov. 15, 2019) similarly fails to demonstrate that Plaintiff's allegations are implausible. In *A.B. by & through C.B.*, for instance, the plaintiff "provide[d] a list of prior cases … but fail[ed] to provide any details about the facts in those cases or explain how those cases are factually similar to this action." 2023 WL 3600049, at *5-6. The court accordingly concluded that the plaintiff's allegations were "not enough to plausibly allege actual or constructive notice." *Id.* The court in *Sanlu Zhang* reached a similar conclusion after finding that the plaintiff provided ten accidents with "no apparent connection" to the plaintiff's accident and failed to explain "how these incidents put Carnival on notice." 2019 WL 8895223, at *4 (internal quotation marks omitted). Here, as discussed, Plaintiff provides five

11

prior incidents complete with pertinent details regarding the nature of the raised or uneven thresholds over which those individuals tripped. The Court is accordingly unpersuaded by Defendant's reliance on these authorities.

Defendant's arguments emphasize distinctions between Plaintiff's alleged incident and the prior incidents alleged in her Complaint. As noted, however, while those distinctions are relevant to whether those prior incidents are *in fact* substantially similar, they fail to show that Plaintiff's allegation that those incidents constitute "substantially similar incidents" is implausible. ECF No. [1] ¶ 16. Defendant's contrary assertions ignore the Eleventh Circuit's guidance that the "'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015). Here, Plaintiff alleges that Defendant had constructive notice "of the propensity for trip and falls on raised thresholds or transition strips onboard the M/S Sunshine" based on five prior slip-and-fall incidents involving raised thresholds or transition strips aboard the *M/S Sunshine* and its sister ship, the *M/S Sunrise*. ECF No. [1] ¶ 16. As discussed, those allegations plausibly allege that Defendant had constructive notice.[3] "Whether the allegedly prior similar incidents are indeed so similar as to impute notice to Defendant are questions the Court will not resolve on a motion to dismiss." *Fawcett*, 2023 WL 4424195, at *4 (citing *Lopez v. Carnival Corp.*, No. 22-cv-21308, at *3 (S.D. Fla. Sept. 30, 2022);

---

[3] Defendant's argument that Plaintiff cannot establish constructive notice by relying on relevant industry standards is no basis for dismissal in light of the Court's conclusion that Plaintiff plausibly alleges that Defendant had constructive notice. As Plaintiff accurately observes, relevant industry standards can serve as supplementary evidence of notice even if those standards cannot establish notice themselves. *See Andersen v. Royal Caribbean Cruises Ltd.*, 543 F. Supp. 3d 1346 (S.D. Fla. 2021) ("[E]vidence that an allegedly dangerous condition failed to comply with industry safety standards, together with other evidence of notice, can be used to establish constructive notice) (citing *Bunch v. Carnival Corp.*, 825 F. App'x 713, 715-16 (11th Cir. 2020); *Sorrels*, 796 F.3d at 1282)).

*Jumbo v. Ala. State Univ.*, 229 F. Supp. 3d 1266, 1269 (M.D. Ala. Jan. 23, 2017) ("A Rule 12(b)(6) motion tests the sufficiency of a complaint; it is not a vehicle to litigate questions of fact.")).

### iii. Remoteness

Regarding the alleged incident in *Nepost*, Defendant argues that it is too remote in time to provide constructive notice. Defendant points out that the incident in *Nepost* occurred approximately four years prior to Plaintiff's incident. However, Defendant provides no support for its position that a period of four years between incidents precludes relying on a prior incident as substantially similar. For its part, Plaintiff notes that this Court has previously found that an incident was substantially similar to the plaintiff's accident despite occurring three years prior. *Ramirez v. Carnival Corp.*, No. 22-CV-21202, 2023 WL 3223853, at *16 (S.D. Fla. May 3, 2023) (prior incidents from 2016 and 2017 constitute substantially similar incidents to the plaintiff's slip and fall in August of 2019).[4] Here, Plaintiff contends that relying on a four-year old prior incident is reasonable, particularly in light of the substantial reduction in cruises caused by the onset of the COVID-19 pandemic in 2020. The Court agrees and declines to find that this prior incident cannot serve as a substantially similar incident based on Defendant's unsupported assertion that four years between incidents is too remote as a matter of law.

### B. Shotgun Pleading

Defendant contends that the Complaint constitutes a shotgun pleading because "Plaintiff's allegations under all three Counts … are conclusory, speculative, and vague." ECF No. [10] at 16. Defendant also argues that all three Counts impermissibly commingle negligent design allegations.

---

[4] The Court made this finding in *Ramirez* in the context of ruling on Defendant's motion for summary judgment. Nonetheless, the case is instructive in establishing that a three-year old prior substantially similar incident can provide the basis for constructive notice. If evidence of prior substantially similar incidents can provide the basis for constructive notice for summary judgment purposes, then logically, allegations of prior substantially similar incidents are sufficient to allege constructive notice to survive a motion to dismiss.

With respect to Count I, Plaintiff's negligent maintenance claim, Defendant further argues that this claim is a shotgun pleading for impermissibly commingling negligent failure to train allegations. For the reasons discussed below, the Court finds that the Complaint does not constitute a shotgun pleading requiring dismissal.

### i.     Counts I – III

Defendant argues that all three Counts constitute an impermissible shotgun pleading because they impermissibly commingle a claim for negligent design.[5] For support, Defendant points to the following allegation contained in Counts I – III:

> CARNIVAL participated in the installation and/or design of the subject area, or alternatively CARNIVAL accepted the area with its design defects present after having been given an opportunity to inspect the ship and materials on it, including the subject thresholds or transition strips, such that CARNIVAL should have known of the design defects of the subject area and thresholds/transition strips before providing them for public use.

ECF No. [1] ¶¶ 24, 34, 44. Defendant contends that the Complaint accordingly must be dismissed for including a distinct claim for negligent design within its negligent maintenance, negligent failure to correct, and negligent failure to warn claims. Plaintiff responds that the Complaint does not contain a negligent design claim, and that the allegations on which Defendant relies fail to demonstrate that the Complaint constitutes a shotgun pleading.

"In order to adequately state a claim for negligent design, a plaintiff must advance facts that support a finding that the defendant 'actually designed' the dangerous condition at issue." *Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2020 WL 6801883, at *4 (S.D. Fla. Nov. 19, 2020) (quoting *Gordon v. NCL (Bahamas) Ltd.*, No. 18-cv-22334, 2019 WL 1724140 (S.D. Fla.

---

[5] Defendant's assertion that the Complaint should be dismissed because its allegations "are conclusory, speculative, and vague[]" fails to show that dismissal is warranted. ECF No. [10] at 16. Defendant's assertion that dismissal is appropriate on this basis is, itself, conclusory. The Court accordingly declines to dismiss the Complaint on this basis.

April 15, 2019)). The Eleventh Circuit instructs that a cruise line "can be liable only for negligent design ... if it had actual or constructive notice of such hazardous condition." *Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837, 837 (11th Cir. 2012).

Defendant argues that the Court's prior decision in *Liles v. Carnival Corp. & PLC*, No. 22-CV-22977, 2023 WL 34644 (S.D. Fla. Jan. 4, 2023) is analogous. In *Liles*, the plaintiff brought a nine-count complaint against Defendant, including a claim for negligent design based on Defendant's participation "in the process of the subject vessel, tender, and ramp." *Id.* at *2. The Court observed that the complaint contained "no facts alleged in support of [the] [p]laintiff's conclusory assertions that Carnival participated in the design process of the tender and ramp[.]" *Id.*, at *3. The Court accordingly concluded that "the bare assertion that Carnival approved of the designs is conclusory and legally insufficient[]" dismissed the complaint's negligent design count. *Id.*

Plaintiff responds that *Liles* is distinguishable because, unlike the plaintiff in *Liles*, Plaintiff's Complaint does not allege a claim for negligent design.[6] Plaintiff contends that her allegations "relating to CARNIVAL's acceptance of the SUNSHINE with an uneven floor surface" instead "plausibly allege that CARNIVAL has been in control of the area and on actual or constructive notice of the dangerous condition since the ship went into service." Plaintiff relies on *Moors v. Carnival Corp.*, No. 22-22262-CIV, 2023 WL 2866391 (S.D. Fla. Feb. 10,

---

[6] Defendant also observes that the plaintiff in *Liles* brought a claim for vicarious liability that was dismissed for improperly commingling theories of direct and vicarious liability. *Id.*, at *3-4. Here, unlike *Liles*, all three Counts are premised on a theory of direct liability. *See generally* ECF No. [1].

15

2023), *report and recommendation adopted*, No. 22-22262-CV, 2023 WL 2866384 (S.D. Fla. Mar. 1, 2023), for support.

In *Moors*, the court denied Defendant's motion to dismiss the plaintiff's nine-count complaint—including a claim for negligent design—as a shotgun pleading. The court observed that "[a]lthough [p]laintiff's amended complaint may not be exemplary and although Counts I through V all refer to some general allegations from the preliminary paragraphs of the amended complaint, those references are insufficient to justify dismissal." *Id.*, at *4. Of particular relevance here, counts I –V incorporated the allegation that Defendant "participated in the installation and/or design of the subject area, or alternatively … accepted the area with its design defects present after having been given an opportunity to inspect the ship and materials on it, including the subject push up bar." *Id.*, at *4 (internal quotation omitted). The court observed that this allegation, among others, supported the plaintiff's allegation that Defendant had notice of the risk-creating condition in question. *See id.* ("These allegations regarding Carnival's involvement in and control over the installation of the allegedly dangerous push up bar, which Plaintiff specifically alleged was 'permanently affixed to the deck,' ECF No. 10 at ¶ 14, further suffice to allege that Carnival had actual knowledge of the push up bar's existence and the potential dangers it posed to passengers aboard the *Magic*.").

Plaintiff thus contends that her Complaint does not constitute a shotgun pleading because the Complaint does not allege a negligent design claim, and the allegations at issue nonetheless remain relevant to the issue of notice as in *Moors*. Defendant replies that the Complaint plainly

Case No. 23-cv-23025-BLOOM/Torres

alleges a claim for negligent design within all three claims, and that the Complaint accordingly must be dismissed in its entirety.

Consistent with *Liles*, the Court finds that Plaintiff's bare assertion that Carnival approved of the designs is "conclusory and legally insufficient." 2023 WL 34644, at *3. Accordingly, to the extent that the Complaint alleges a negligent design claim, that claim is dismissed. The Court disagrees that this allegation converts all three Counts into a shotgun pleading requiring dismissal, however. As in *Moors*, those allegations remain relevant to whether Defendant had actual or constructive notice that the raised threshold constitutes a dangerous condition—a necessary element of Plaintiff's negligent maintenance, negligent failure to correct, and negligent failure to warn claims. *See Moors*, 2023 WL 2866391, at *3. Plaintiff's incorporation of this allegation within Counts I – III accordingly does not transform those claims into an impermissible shotgun pleading.

### ii. Count I – Negligent Maintenance

Defendant argues that Count I also constitutes a shotgun pleading because it improperly commingles a negligent training claim within Plaintiff's negligent maintenance claim. Relevant here, Count I alleges that Defendant breached its duty to maintain the area where Plaintiff tripped in a reasonably safe manner by "[f]ailing to adequately train its crewmembers to maintain the floor surface in the area where Plaintiff tripped, and adjacent areas, free of tripping hazards." ECF No. [1] ¶ 26. Defendant contends that this allegation shows that Count I commingles a negligent training claim within a negligent maintenance claim and therefore must be dismissed as a shotgun pleading. Plaintiff responds that this allegation "logically falls squarely within her claim for negligent maintenance; i.e., negligence in training maintenance staff properly to maintain the vessel[.]" Response at 14. For support, Plaintiff relies on *Harris v. Carnival Corp.*, No. 22- 22317-

17

CIV-ALTONAGA/Torres, 2022 U.S. Dist. LEXIS 178250 (S.D. Fla. Sep. 29, 2022). In *Harris*, the court dismissed the plaintiff's negligent-failure-to-properly-clean claim as duplicative of the plaintiff's negligent-failure-to-inspect-and-maintain claim. In doing so, the court observed that "[t]he only significant difference between the two counts is that Count II, failure to properly clean, includes the allegation that Defendant failed to properly train its employees to clean …. Yet, this also *logically falls under a failure to maintain or inspect*." *Id.*, at *7 n.4 (emphasis added).

Plaintiff accordingly argues its allegation that Defendant "[f]ail[ed] to adequately train its crewmembers to maintain the floor surface in the area where Plaintiff tripped" is logically encompassed by her negligent maintenance claim. Defendant does not engage with *Harris* in its Reply.[7] The Court agrees with *Harris* and finds that Plaintiff's allegation that Defendant failed to properly train its employees to maintain the floor surface "logically falls under a failure to maintain or inspect." *Id.* Count I accordingly does not constitute a shotgun pleading for including this allegation. The Court concludes that the Complaint does not constitute a shotgun pleading requiring dismissal.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, **ECF No. [10]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Opinion.

2. Defendant shall file its Answer to the Complaint **by February 12, 2024**.

---

[7] Instead, Defendant reiterates that negligent maintenance and negligent training claims are different causes of action with distinct elements. *See* ECF No. [22] at 6.

Case No. 23-cv-23025-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 31, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies To:

Counsel of Record